The majority in the present case erred in concluding that plaintiff's claim is time barred pursuant to N.C. Gen. Stat. § 97-47 because she failed to make a claim for a change of condition within two years of defendants' last payment of indemnity compensation. N.C. Gen. Stat. § 97-47
provides in pertinent part:
 [U]pon the application of any party in interest on the grounds of a change in condition, the Industrial Commission my review any award, and on such review may make an award ending, diminishing, or increasing the compensation previously awarded. . . . [B]ut no such review shall be made after two years from the date of the last payment of compensation . . . (emphasis added).
In the present case, the evidence of record shows that defendants admittedly failed to pay plaintiff for a ten percent permanent partial disability rating to the back, given by Dr. Fulghum and Dr. Canna. Tony Whicker, a senior claim representative for defendant Allied Claims Administration, testified that plaintiff had indeed not been paid for her permanent partial disability rating due to an "oversight." He further testified that there was not any question that the permanent partial disability rating was related to plaintiffs June 20, 1998, work-related injury.
The undersigned finds that because defendants failed through "oversight" to pay plaintiff for compensation that she is admittedly entitled to receive, the two-year tolling for a change of condition per N.C. Gen. Stat. § 97-47 has not begun. Simply put, the last payment of compensation has yet to occur and, thus, plaintiffs claim for a change of condition is not time barred. This matter should be remanded to a Deputy Commissioner for the taking of evidence and further hearing regarding plaintiff's claim for a change in condition. For these reasons, I respectfully dissent.
This 17th day of March 2005.
 S/_____________ THOMAS J. BOLCH COMMISSIONER